IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CR-346-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CRYSTAL MARIE PATE, | ) | |
| | ) | |
| Defendant. | ) | |

On October 15, 2024, Crystal Marie Pate ("Pate" or "defendant"), proceeding pro se, filed a motion to reduce her sentence under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) and for appointment of counsel [D.E. 266]. On October 21, 2024, the court appointed the Office of the Federal Public Defender to represent Pate [D.E. 267]. On April 1, 2025, Pate (through counsel) filed a memorandum in support of her motion for compassionate release [D.E. 275], filed several exhibits in support [D.E. 276], and moved to seal those exhibits [D.E. 277]. On April 14, 2025, the United States responded in opposition [D.E. 279]. As explained below, the court denies Pate's motion for compassionate release and grants Pate's motion to seal.

I.

On February 20, 2018, with a written plea agreement, Pate pleaded guilty to conspiracy to distribute and possess with the intent to distribute five grams or more of methamphetamine and a quantity of heroin (count one) and possession of a firearm in furtherance of a drug trafficking offense and aiding and abetting (count twelve). See [D.E. 71, 72, 158]. On July 20, 2018, the court held Pate's sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See Fed. R. Crim. P. 32(i)(3)(A)–(B); Sent. Tr. [D.E. 161] 4–6;

PSR [D.E. 112]. The court calculated Pate's total offense level to be 27, her criminal history category to be II, and her advisory guideline range to be 78 to 97 months' imprisonment on count one and 60 months' consecutive imprisonment on count twelve. See PSR ¶ 76; Sent. Tr. 5–6. After considering the arguments of counsel and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Pate to 78 months' imprisonment on count one and 60 months' consecutive imprisonment on count twelve for a total of 138 months' imprisonment. See [D.E. 124] 2; Sent. Tr. at 6–20. On February 11, 2019, Pate appealed. See [D.E. 149]. On November 15, 2017, the United States Court of Appeals for the Fourth Circuit dismissed Pate's appeal. See [D.E. 186, 187]; United States v. Pate, 775 F. App'x 133 (4th Cir. 2019) (per curiam) (unpublished).

On July 8, 2019, Pate moved pro se to correct, set aside, or vacate her sentence under 28 U.S.C. § 2255. See [D.E. 175]. On August 26, 2019, Pate amended her motion. See [D.E. 188]. On July 1, 2020, the court dismissed the motion. See [D.E. 200, 201].

On January 18, 2022, Pate moved for compassionate release under the First Step Act. See [D.E. 223]. On May 23, 2022, the United States responded in opposition and filed an exhibit in support. See [D.E. 233, 234]. On June 14, 2022, Pate replied. See [D.E. 236]. On October 24, 2022, the court denied Pate's motion for compassionate release. See [D.E. 239]. On October 28, 2022, Pate appealed. See [D.E. 240]. On March 24, 2023, the Fourth Circuit affirmed. See [D.E. 262, 263].

II.

A court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. §

3582(c)(1)(A); see United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022); United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see United States v. Ferguson, 55 F.4th 262, 268 (4th Cir. 2022). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 585 U.S. 109, 115–20 (2018); Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; United States v. McDonald, 986 F.3d

402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d); United States v. Davis, 99 F.4th 647, 659 (4th Cir. 2024); McCoy, 981 F.3d at 286 n.9.

The Sentencing Commission policy statement in U.S.S.G. § 1B1.13 applies to a defendant's compassionate release motion. See U.S.S.G. § 1B1.13(a). Section 1B1.13(b) lists several extraordinary and compelling reasons, including (1) a defendant's medical circumstances; (2) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her imprisonment term; (3) a defendant's family circumstances; (4) a defendant who suffered sexual abuse, or physical abuse with serious bodily injury, at the hands of those with custody over the defendant while serving the term of imprisonment sought to be reduced; (5) any other reasons similar in gravity to those described in paragraphs (1) through (4) of the policy statement; or (6) a qualifying change in the law that produces a gross disparity between the defendant's unusually long sentence being served and the sentence likely to be imposed at the time the motion is filed, after fully considering the defendant's individual circumstances. See U.S.S.G. § 1B1.13(b). A defendant's rehabilitation alone is not an extraordinary or compelling reason, but it "may be considered in combination with other circumstances in determining whether and to what extent a reduction . . . is warranted." U.S.S.G. § 1B1.13(d). "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a" sentence reduction. U.S.S.G. § 1B1.13(e).

Pate seeks compassionate release under section 3582(c)(1)(A) and argues extraordinary and compelling circumstances exist because she is the only available caregiver for her son, Cameron, who suffers from serious health conditions. See [D.E. 275] 5–7. Pate also argues that

4

the amount of time remaining on her sentence and her post-sentencing conduct weigh in favor of a sentence reduction. See id. at 5.

As for the "family circumstances" policy statement, section 1B1.13(b)(3)(A) lists in relevant part "the death or incapacitation of the caregiver of the defendant's . . . child who is 18 years of age or older and incapable of self-care" as an extraordinary and compelling reason for compassionate release. U.S.S.G. § 1B1.13(b)(3)(A). Pate contends that, in August 2024, her son Cameron Pate (then age 17) went into cardiac arrest due to a drug overdose. See [D.E. 275] 5. Pate's son was in the hospital from late August 2024 until November 2024. See id. Pate's son suffered neurological injury because of his overdose, and he requires round-the-clock care. See id. at 5–7. Pate filed multiple exhibits in support of her son's condition. See [D.E. 276]. Pate's father, Tim Pate, currently cares for Pate's son. See [D.E. 275] 6–7. Tim Pate is 62 years old and allegedly cannot manage the level of care that Pate's son requires. See id. at 7. Tim Pate pays for nursing services to assist him in caring for Pate's son. See id.

Pate fails to show that Tim Pate is "incapacitated" under the policy statement. U.S.S.G. § 1B1.13(b)(3)(A); see United States v. Clack, No. 5:20-CR-543, 2024 WL 4954305, at *3 (E.D.N.C. Dec. 3, 2024) (unpublished); United States v. Roueche, No. CR07-344RSL, 2024 WL 4665568, at *4 (W.D. Wash. Nov. 4, 2024) (unpublished); Delavan v. United States, No. 4:18-CR-23, 2024 WL 2958956, at *4 (E.D. Va. June 12, 2024) (unpublished); United States v. Harris, No. 5:15-CR-111, 2021 WL 6052284, at *3 (E.D.N.C. Dec. 20, 2021) (unpublished), appeal dismissed, No. 22-6001, 2022 WL 18228332 (4th Cir. Apr. 13, 2022) (unpublished); United States v. Locklear, No. 7:17-CR-60, 2021 WL 5098691, at *4 (E.D.N.C. Nov. 2, 2021) (unpublished); United States v. White, No. CR 16-40, 2021 WL 1721016, at *4 (E.D. La. Apr. 30, 2021) (unpublished); United States v. Greene, No. 1:17-CR-12, 2020 WL 4475892, at *5 (D. Me.

5

Aug. 4, 2020) (unpublished). Alternatively, Pate has failed to show that she is presently "the only available caregiver" for her son. U.S.S.G. § 1B1.13(b)(3)(A). Although Cameron Pate's condition may burden Tim Pate, Pate is not "the only available caregiver" for her son merely because the level of care her son requires is difficult for Tim Pate to provide. U.S.S.G. § 1B1.13(b)(3)(C); see Clack, 2024 WL 4954305, at *5; United States v. Gross, No. 1:17-CR-37, 2024 WL 4100325, at *3 (N.D. Ind. Sept. 5, 2024) (unpublished); United States v. Graff, No. 1:17CR20-013, 2024 WL 3912947, at *2 (W.D. Va. Aug. 23, 2024) (unpublished); United States v. Taylor, No. CR 06-699-3, 2024 WL 3594315, at *6 (D.N.J. July 31, 2024); Delavan, 2024 WL 2958956, at *4; United States v. Milchin, No. 17-284-1, 2023 WL 7544995, at *1 (E.D. Pa. Nov. 13, 2023) (unpublished); United States v. Conrad, No. 20-22, 2023 WL 7301225, at *2 (D. Mont. Nov. 6, 2023) (unpublished).

As for the "other reasons" policy statement, the court assumes without deciding that Cameron Pate's condition, the amount of time remaining on Pate's sentence, and Pate's post-sentencing conduct are together extraordinary and compelling reasons under section 3582(c)(1)(A). The section 3553(a) factors, however, counsel against reducing Pate's sentence. See Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32.

Pate is 40 years old and is incarcerated for conspiracy to distribute and possess with the intent to distribute methamphetamine and heroin and possession of a firearm in furtherance of a drug conspiracy and aiding and abetting. See PSR ¶¶ 1–18. Pate engaged in prolonged, serious drug dealing during 2016 with her paramour Sean Harstine and others. See id. at ¶¶ 13–18. Pate also possessed a firearm in connection with her drug dealing. See id. at ¶ 17. Pate conducted her armed drug dealing at her mobile home which she shared with her minor son Cameron Pate. See id. at ¶ 13; Sent. Tr. 16–17. Pate's criminal history demonstrates her contempt for the law. See

6

PSR ¶¶ 23–32. Before her federal conviction, Pate received convictions for maintaining a vehicle, dwelling, or place for a controlled substance, possession of drug paraphernalia (two counts), simple worthless check (two counts), driving with no operator's license (two counts), driving while license revoked, and possessing heroin. See id. at ¶¶ 14-15, 18, 25. Pate performed poorly on supervision, failed to pay monetary obligations twice, and tested positive for heroin use in 2017. See id. at ¶¶ 28, 31.

The court has considered the entire record, the section 3553(a) factors, and the parties' arguments. The court has considered Pate's serious criminal conduct, her serious criminal history, and the need to punish Pate for her criminal behavior, to incapacitate Pate, to promote respect for the law, to deter others, and to protect society. In light of the entire record, the court exercises its discretion and denies Pate's motion for compassionate release. See, e.g., Concepcion v. United States, 597 U.S. 481, 498–502 (2022); Chavez-Meza, 585 U.S. at 117–20; Pepper, 562 U.S. at 480–81; Moody, 115 F. 4th at 314–16; United States v. Smith, 75 F.4th 459, 464–66 (4th Cir. 2023); United States v. Troy, 64 F.4th 177, 185 (4th Cir. 2023); United States v. Reed, 58 F.4th 816, 821–24 (4th Cir. 2023); United States v. Roane, 51 F.4th 541, 551–53 (4th Cir. 2022); Hargrove, 30 F.4th at 198–200; Kibble, 992 F.3d at 331–32; High, 997 F.3d at 187–91; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Taylor, No. 22-6795, 2022 WL 17819301, at *1 (4th Cir. Dec. 20, 2022) (per curiam) (unpublished); United States v. Taylor, 337 F. App'x 342, 343–44 (4th Cir. 2009) (per curiam) (unpublished); United States v. Hill, No. 4:13-CR-28, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 266, 275] and GRANTS defendant's motion to seal [D.E. 277].

SO ORDERED. This 8 day of September, 2025.

JAMES C. DEVER III
United States District Judge